# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYLER HOSTETTER, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-23-492-D |
| CHRISTE QUICK, Warden, | ) ) ) |
| Respondent. | ) ) |

## O R D E R

This matter is before the Court for review of the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening, Judge Erwin recommends that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 be dismissed as untimely.

The case file shows no timely objection to the Report nor request for additional time, although Petitioner was expressly informed of his right to object and the firm waiver rule. The Court finds that Petitioner has waived further review of all issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, for the reasons explained by Judge Erwin, the Court finds that the Petition is time barred and must be dismissed.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 9] is **ADOPTED** in its entirety and that the Petition is **DISMISSED**. A separate judgment of dismissal shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the standard is not met in this case and a COA should be denied. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 25th day of August, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge